# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REAGENT CHEMICAL & RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> EUROTARGET SRL. and EUROTARGET USA LLC, <br><br> Defendants. | Civil Action No. 1:16-cv-00395-JEJ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**I.    INTRODUCTION**

Defendants Eurotarget S.R.L. and Eurotarget USA, LLC ("Eurotarget USA") (collectively, "Eurotarget"), by counsel, respectfully submit this Memorandum in support of their partial motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.    FACTUAL BACKGROUND**

Plaintiff Reagent Chemical & Research, Inc. ("Reagent") filed its Complaint alleging infringement of U.S. Patent No. 5,947,475 ("the '475 patent"). (D.I. 1). Specifically, Reagent accused Eurotarget S.R.L. and Eurotarget USA of directly infringing claims 1, 18, 20, 26, 27, 29, 34, 37, and 39 of the '475 patent and indirectly infringing claims 29, 34, 37, and 39 of the '475 patent through the importation and sale of "low toxicity targets." (D.I. 1, ¶¶ 32-51).

**III.    ARGUMENT**

    **A.    Legal Standard**

Under Federal Rules of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a complaint must contain a sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1953 (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).

In the patent infringement context, the *Twombly* and *Iqbal* standard requires, at minimum, a specific identification of the products or services being accused of infringement, and how those accused products or services infringe the patent-in-suit. *See, e.g.*, *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) (granting motion to dismiss because plaintiff only pointed to "broad categories of products" and "[c]ommon sense requires more specific identification of the products in any given product category that are allegedly infringing"); *Ware v. Circuit City Stores, Inc.,* No. 05-cv-0156, 2010 WL 767094, at *2 (N.D. Ga. Jan. 5, 2010) (holding allegation that "apparatuses" infringe "does not provide the minimal factual pleading to put defendants on notice of the claims against them, which is what is required by Rule 8").

### B. The Complaint Fails to State a Claim for Direct Infringement of Method Claims 29, 34, 37, and 39 (Count I)

Count I of the Complaint charges the defendants with direct infringement of claims 1, 18, 20, 26, 27, 29, 34, 37, and 39 pursuant to 35 U.S.C. § 271(a). (D.I. 1, ¶ 33). However, the Complaint fails to state a claim for direct infringement of claims 29, 34, 37, and 39. Claims 34, 37, and 39 all depend from method claim 29, which states:

> 29. A method of conducting a shooting activity, comprising the steps of:
>
> <u>providing</u> a plurality of targets having an LD50 of 15 g/kg or greater;
>
> <u>launching</u> the targets into the air and <u>shooting</u> at the targets with a shotgun; and
>
> <u>breaking</u> targets hit by pellets, to the extent that less than 4% of unbroken targets hit by at least 1 pellet were hit by three or more pellets.

('475 patent, claim 29) (emphasis added).

Direct infringement of a method claim under 35 U.S.C. § 271(a) occurs when a single entity perform all the steps of the method claim. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007). Here, however, there can be no single entity that performs all the steps of the asserted method claims. The "breaking" and "shooting" steps in claim 29 are presumably performed by a person firing a gun. The "launching" step is perhaps performed by

3

a shooting park operator.  What is less clear is who is performing the "providing" step.  Is it the shooting park operator?  Eurotarget USA?  Eurotarget S.R.L.?  The Complaint is utterly silent on these issues.

Because Reagent has failed to plead sufficient factual allegations to prove infringement of claim 29, it has also failed to plead sufficient factual allegations to prove infringement of dependent claims 34, 37, and 39, as those claims expressly incorporate by reference independent claim 29.  *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989) ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.").  Thus, even assuming the factual allegations in the Complaint as true for purposes of this motion, there can be no finding of direct infringement of claims 29, 34, 37, and 39 of the '475 patent by either defendant.  Dismissal of Count I as to those patent claims is therefore required.

### C. The Complaint Fails to State a Claim for Indirect Infringement (Count II)

Count II of the Complaint alleges that Eurotarget is liable for indirect infringement of claims 29, 34, 37, and 39 of the '475 patent – the same method claims addressed above.  However, the U.S. Supreme Court has held that a finding of indirect infringement, whether contributory or induced infringement, requires both knowledge of the patent-in-suit as well as direct infringement of that patent by another party.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68

4

(2011).  Since, as stated above, Plaintiff has not pleaded factual allegations that could establish direct infringement of claims 29, 34, 37, and 39 of the '475 patent by a single entity, it therefore follows that there can be no indirect infringement of those claims as well.  Moreover, the Complaint contains no factual allegations regarding any <u>intent</u> on the part of either Eurotarget S.R.L. or Eurotarget USA to induce another party to infringe – another requisite element for a finding of indirect infringement.  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  Accordingly, dismissal of Count II in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) is proper.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Eurotarget S.R.L. and Eurotarget USA, LLC respectfully request that this Court dismiss Count I of the Complaint as to claims 29, 34, 37, and 39 of the '475 patent and Count II in its entirety for failure to state a claim upon which relief may be granted.

Dated: March 25, 2016                McNEES WALLACE & NURICK LLC

By      /s/Devin Chwastyk
        Devin J. Chwastyk
        Pa. Bar I.D. No. 91852
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA  17108-1166
        (717) 232-8000

Of Counsel:

Edward A. Pennington  (*PRO HAC VICE ADMISSION PENDING*)
John P. Moy  (*PRO HAC VICE ADMISSION PENDING*)
Sean T.C. Phelan (*PRO HAC VICE ADMISSION PENDING*)
SMITH, GAMBRELL & RUSSELL LLP
1055 Thomas Jefferson Street NW
Suite 400
Washington, DC 20007
Telephone: (202) 263-4300
Facsimile: (202) 263-4329
epennington@sgrlaw.com
jmoy@sgrlaw.com
sphelan@sgrlaw.com

*Attorneys for Defendants Eurotarget S.R.L. and Eurotarget USA, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was filed via the Court's CM/ECF system and that pursuant to L.R. 5.7, the Court's transmission of the Notice of Electronic Filing constitutes service of the filed document.

Dated: March 25, 2016                    */s/ Devin J. Chwastyk*