# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REAGENT CHEMICAL & RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> EUROTARGET S.R.L. and, EUROTARGET USA LLC, <br><br> Defendants. | Civil Action No. 1:16-cv-00395-JEJ <br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF REAGENT CHEMICAL & RESEARCH, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

NY 76174246

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1
II.   STATEMENT OF FACTUAL BACKGROUND ..........................................2
III.  LEGAL STANDARD .............................................................................3
IV.   ARGUMENT .........................................................................................5
    A.   Reagent Has Stated a Claim of Direct Infringement............................6
        1. Reagent Has Plead Facts Demonstrating Eurotarget's Control
           of Its Shooting Range..................................................................8
        2. Reagent Has Plead Facts Demonstrating That Eurotarget
           Formed a Joint Enterprise with Its Shooting Range .................10
    B.   Reagent Has Stated a Claim of Indirect Infringement .......................12
V.    CONCLUSION....................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*,
  797 F. 3d 1020 (Fed. Cir. 2015) ..................................................................6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................4

*Bartholomew v. Fischl*,
  782 F.2d 1148 (3d Cir. 1986) ............................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................4, 7, 10, 11

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ..............................................................................4

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
  20 F.3d 1250 (3d Cir. 1994) ..............................................................................3

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) ..................................................................................3

*Maio v. Aetna, Inc.*,
  221 F.3d 472 (3d Cir. 2000) ..............................................................................4

*Red Valve Co. v. Armadillo Automation, Inc.*,
  No. CV 15-364, 2015 WL 8992679 (W.D. Pa. Dec. 16, 2015) ........................11

*Swierkiewicz v. Sorema N. A.*,
  534 U.S. 506 (2002) ...........................................................................................3

**Statutes**

U.S.C. § 271(a) ..........................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 3, 4

Plaintiff Reagent Chemical & Research, Inc. ("Reagent") hereby opposes "Defendants' Partial Motion to Dismiss The First Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted" ("Motion to Dismiss").

## I. INTRODUCTION

Defendants Eurotarget S.R.L. and Eurotarget USA LLC's (collectively, "Eurotarget's") motion is for a failure to state a claim under Rule 12(b)(6). Accordingly, the issue is whether, assuming the allegations to be true, the First Amended Complaint ("the Amended Complaint") states a cause of action. Eurotarget's motion does not concern Reagent's allegations of infringement concerning patent claims 1, 18, 20, 26 and 27, directed to the target, itself. Eurotarget concedes that the Amended Complaint states a claim of patent infringement with respect to the target itself. Eurotarget's motion only concerns whether the Amended Complaint states a claim of infringement of the method claims, which describe the use of the targets for their intended purpose.

Eurotarget challenges Reagent's factual pleadings concerning direct and indirect infringement of method of use claims 29, 34, 37 and 39.[1] However, as

---

[1] Claim 29 is an independent claim. Claims 34, 37, and 39 depend from, but add features to Claim 29. Eurotarget concedes that the allegations of direct and indirect infringement of Claims 34, 37 and 39 stand or fall with whether the allegations were sufficiently plead with respect to Claim 29. Thus, Reagent only addresses herein, the direct and indirect infringement of Claim 29.

demonstrated herein, Reagent has clearly set forth sufficient allegations to support a claim for direct and indirect infringement of these claims. Specifically, independent claim 29 requires four steps: (1) providing a specific target; (2) launching the target; (3) shooting at the target; and (4) breaking the target with specific requirements. Reagent specifically alleged that Eurotarget, Keystone Shooting Park ("KSP") controlled by Allen Chubb of Eurotarget, and the shooters at KSP engage in a "joint enterprise" as defined by existing legal precedent that directly infringes claim 29. In addition, Reagent also specifically alleged that Eurotarget formed a joint enterprise with gun clubs and their shooters with respect to a shooting activity using the Accused Targets.

Reagent addresses each of Eurotargets' challenges of direct infringement and indirect infringement below and asserts that the Amended Complaint alleges sufficient requisite facts to support Reagent's claims for relief. As such, Eurotarget's motion to dismiss should be denied in its entirety.

## II. STATEMENT OF FACTUAL BACKGROUND

On January 15, 2016, Reagent filed a complaint with the District Court of New Jersey, alleging Eurotarget S.R.L. and Eurotarget USA LLC infringed and continue to infringe U.S. Patent No. 5,947,475 ("the '475 Patent"). *See* D.I. 13-1. On March 4, 2016, Reagent voluntarily dismissed its infringement claims in the District of New Jersey. Reagent subsequently filed a complaint in the United States

District Court for the Middle District of Pennsylvania on March 8, 2016, alleging that Eurotarget directly and indirectly infringes the '475 Patent by using, selling, offering for sale, and importing certain low toxicity targets. (D.I. 1). Reagent filed an Amended Complaint on April 1, 2016, expanding on its prior allegations. (D.I. 24). In response, Eurotarget filed the instant Motion to Dismiss part of the Amended Complaint on April 15, 2016. (D.I. 26-27).

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the factual allegations set forth in the complaint, not the truth of the allegations. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). As such, a Rule 12(b)(6) motion asks the court to determine whether, if taken as true, the factual allegations sufficiently support the claims. The court's role in deciding a motion to dismiss on the pleadings does not involve resolving facts that are in dispute or make determinations of the merits of the case. *See Kost*, 1 F.3d at 183.

Accordingly, when considering a Rule 12(b)(6) motion, the court must accept **as true**, all the factual allegations plead in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261

(3d Cir. 1994). It is well settled that a complaint does not require "specifics", but must merely allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Court of Appeals for the Third Circuit has recognized, *Iqbal* requires district courts to first separate the factual and legal elements of a claim, and then, accepting "all of the complaint's well-pleaded facts as true," "determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)(internal quotations omitted).

Accordingly, "[a] motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000)(quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir.1997) (citing *Bartholomew v. Fischl,* 782 F.2d 1148, 1152 (3d Cir. 1986))).

NY 76174246

## IV. ARGUMENT

Eurotarget challenges the sufficiency of certain claims in Reagent's Amended Complaint on the following grounds: (1) failing to state a claim of direct infringement because that Complaint "does not contain the requisite factual allegations to sustain a charge of direct infringement under either the 'direct controls' theory or the 'joint enterprise' theory" (D.I. 27, at 5); and (2) failing to state a claim of indirect infringement because the Amended Complaint does not contain "factual allegations that could establish direct infringement of claims 29, 34, 37 and 39 of the '475 patent" (D.I. 27, at 9).

Both arguments boil down to whether the Amended Complaint's allegations, if true, establish that some entity practiced the claimed method. As addressed below, the Court should find that Reagent has adequately plead facts to support a charge of direct infringement. Eurotarget's second argument is that there cannot be indirect infringement without direct infringement. Because Reagent adequately plead direct infringement, this second argument must fail as well. Accordingly, the court should deny Eurotarget's motion.

### A. Reagent Has Stated a Claim of Direct Infringement

Reagent's Amended Complaint sets forth facts supporting a claim of direct infringement of method claim 29.[2] The Amended Complaint contains the requisite factual allegations to sustain a charge of direct infringement that is attributable to a "single entity." (D.I. 27, at 4-5).

An entity, such as Eurotarget or a shooting range customer of Eurotarget, is liable for direct infringement if it acts, as part of a single entity and that entity infringes method claims 29, 34, 37 and 39. "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a **single entity**." *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 797 F. 3d 1020, 1022 (Fed. Cir. 2015) (emphasis added). A party, such as Eurotarget or a shooting range customer of Eurotarget, is responsible for another party's performance of some of the steps of a claimed method in two sets of circumstances: (1) where one party directs or controls the others' performance, or (2) where one party and the additional actors form a **joint enterprise**. *Id.* The complaint is sufficient against Eurotarget if it alleges under the first set of circumstances that Eurotarget or some other party such as a shooting range:

---

[2] Eurotarget concedes that the Amended Complaint pleads direct infringement with respect to product claims 1, 18, 20, 26 and 27, which are directed to the target. The method claims describe the use of that target.

>> acts through an agent (applying traditional agency principles)[,]. . . contracts with another to perform one or more steps of a claimed method . . . [or] conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance.

*Id.* at 1023. The complaint is plead sufficiently against Eurotarget under the second set of circumstances if Reagent alleges "*proof of four elements*":

> (1) an agreement, express or implied, among the members of the group [e.g. the agreement by shooters to abide by range regulations];
>
> (2) a common purpose to be carried out by the group [e.g. the shooting and breaking of targets];
>
> (3) a community of pecuniary interest in that purpose, among the members [e.g. the fees for shooting]; and
>
> (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control [e.g. the shooting does not occur without the agreement of the shooters and the range].

*Id.* (citation omitted).

Notably, the *Akamai* decision primarily concerned whether the requirements for direct infringement by joint actors had been proved. *Id.* In contrast, at the pleading phase, a plaintiff need only plead sufficient allegations to state a claim, not prove that those allegations are true. Specifically, on a motion to dismiss, the Court does not undertake a full evaluation of "probability," that allegations are true, but simply asks for "enough fact[s] to raise a reasonable expectation *that discovery will reveal*" that a defendant has acted unlawfully. *See Twombly*, 550

-7-

U.S., at 545 (emphasis added). Here, Eurotarget has not addressed the sufficiency of the facts as plead, but instead contends that it will succeed on the merits.

      1. <u>Reagent Has Plead Facts Demonstrating Eurotarget's Control of Its Shooting Range</u>

Reagent's Amended Complaint sufficiently alleges facts that plausibly imply direct infringement of method claim 29 by Eurotarget acting alone. The first step of claim 29 is "providing" the specified targets, the second step is "launching" the accused targets, the third step is "shooting" at the target, and the fourth step is "breaking" the targets with shotgun shot under specific requirements. (D.I. 24-1, at 9). Sufficient facts are alleged in the Amended Complaint to reasonably infer that Eurotarget directly infringes claim 29. As such, the Complaint states a claim to relief from direct infringement that is plausible on its face.

As an initial matter, in paragraph 47 and 48, the Amended Complaint alleges that Allen Chubb, as a representative of Eurotarget and, in an effort to promote sales of the Accused Targets, provides the Targets, causes them to be launched, then shoots at and breaks the Targets, all in the direct infringement of claims 29, 34, 37 and 39. (¶¶47-48). These allegations alone are sufficient to defeat Eurotarget's motion to dismiss.

In addition, the Amended Complaint (D.I. 24) further alleges the following:

- Eurotarget Italy imports the accused targets into the United States (¶4);
- Eurotarget sells the accused targets in the United States (¶4);

-8-

- Eurotarget USA is the authorized distributor in the U.S. for Eurotarget Italy's accused targets (¶8);

- Eurotarget USA uses and sells the accused targets in the U.S. (¶9);

- Eurotarget USA is embodied by Allen Chubb (¶42);

- Mr. Chubb's actions are the actions of Eurotarget USA (¶42);

- Mr. Chubb exerts control over the actions of Keystone Shooting Park ("KSP") "including the selection of targets" used for shooting activities (¶43);

- Mr. Chubb (Eurotarget) provided and caused KSP to use the accused targets, which were supplied by Eurotarget Italy (¶46);

- KSP launches the targets for shooters to shoot at and break (¶46);

- Allen Chubb (Eurotarget) shoots at and breaks the Accused Targets in the manner claimed (¶47-48);

- KSP requires shooters (members and non-members) to sign a written agreement before shooting; shooters pay KSP for the benefit of being able to shoot at the accused targets (¶¶44-45);

- Eurotarget (Italy and USA) profits from replacing the targets used at KSP (¶46);

- KSP profits from shooters paying to shoot the targets launched by KSP (¶46); and in his capacity as Eurotarget USA, Mr. Chubb provides the accused targets, causes those targets to be launched, shoots at the launched targets, and breaks the launched targets in an effort to promote sales of the targets (¶¶47-48).

Accordingly, taking each of the above recited facts as true, and drawing all reasonable inferences from them, one can infer from these alleged facts that Eurotarget (Italy and/or USA) is responsible for carrying out, directing and/or controlling the completion of each step of method claim 29 (and therefore, 34, 37

and 39 as well). Specifically, as alleged, KSP and Eurotarget (via Mr. Chubb) performs the shooting activity using the Accused Targets. Thus, taken as true, Eurotarget is liable for direct infringement of Claim 29 (and therefore 34, 37 and 39).

### 2. Reagent Has Plead Facts Demonstrating That Eurotarget Formed a Joint Enterprise with Its Shooting Range

Alternatively, if the Court finds that the pleadings do not establish the requisite control necessary for infringement, the pleadings also allege that Eurotarget is part of a joint enterprise including Eurotarget Italy, Eurotarget USA, Allen Chubb, Keystone Shooting Park and the shooters at Keystone Shooting Park. Contrary to Eurotarget's assertions that Reagent's Amended Complaint "lacks any allegation that pertain to [a joint enterprise]," (D.I. 27 at 8) Reagent has sufficiently plead facts from which it can be inferred that (a) there is an agreement, express or implied, among the group, and in particular between Eurotarget and KSP to purchase the targets for KSP's customer's use and between KSP and the shooter to perform and/or regulate the shooting activity (¶¶43-46); (b) that there is a common purpose to be carried out by the group, and in particular the purpose is to engage in the claimed shooting activity using the Accused Targets (*id.*); (c) that there is a community of pecuniary interest, and in particular that the shooters contract with and pay KSP to shoot at the accused targets and that KSP pays Eurotarget for providing the targets (*id.*); and (d) equal right to the direction of the

-10-

enterprise, *e.g.*, that the shooters, KSP and Mr. Chubb share responsibility for when, how and if the shooting will take place (¶62).

The Amended Complaint also alleges that shooting club customers of Eurotarget provide, launch and break targets as claimed to directly infringe the method of use claims (*See* ¶¶61-62).

To the extent Eurotarget contends that the Amended Complaint does not set forth specific details or conditions of contracts or agreements between any or all of the actors (D.I. 27, 5-8), Eurotarget demands too much. At the pleading stage, such "specific facts" are not required in order to state a claim. *Twombly*, 550 U.S., at 570. More importantly, discovery has not yet been conducted. The pleadings standards expressly take such circumstances into account in so much as only requiring a patentee to set forth "enough fact[s] to raise a reasonable expectation that discovery will reveal" that a defendant has acted unlawfully. *Twombly*, 550 U.S., at 545. Furthermore, it is not required that an individual factual allegation support the claim of infringement. Rather, the factual allegations as a whole may support an inference of direct infringement. *See Red Valve Co., Inc. v. Armadillo Automation, Inc.,* No. CV 15-364, 2015 WL 8992679, at *3 (W.D. Pa. Dec. 16, 2015) (finding while individually the factual allegations may have not supported a sufficient pleading, "collectively" they did). Accordingly here, as a whole, the recited allegations support an inference of direct infringement by Eurotarget.

Furthermore, the Amended Complaint alleges a joint enterprise among shooting clubs or ranges providing and launching the targets; and the targets and the shooters who shoot at and break the targets. *See e.g.* Amended Complaint ¶¶54, 61-63. The Amended Complaint alleges that direct infringement occurs through the shooting range or clubs and their members.

Accordingly, the Amended Complaint contains sufficient factual allegations to support a finding that Reagent's claims of direct infringement are plausible, and as such, whether evidentiary support of the alleged direct infringement exists is the proper subject of discovery. Therefore, the Court should deny Eurotarget's pre-discovery motion to dismiss Reagent's claim of direct infringement of claim 29 and all claims depending therefrom (claims 34, 37 and 39) because the Amended Complaint contains sufficient factual allegations permitting an inference that claim 29 has been and/or continues to be directly infringed such that Reagent's claim to relief is plausible on its face.

### B. Reagent Has Stated a Claim of Indirect Infringement

Eurotarget seeks to dismiss Reagent's claim for indirect infringement of claims 29, 34, 37 and 39 contending that because Reagent has failed to plead direct infringement, an indirect infringement claim must necessarily fail.[3] As

---

[3] Eurotarget does not challenge the sufficiency of Reagent's Amended Complaint concerning any other elements of pleading indirect infringement. (D.I. 27 at 9).

demonstrated above, Reagent adequately plead direct infringement including direct infringement by shooting clubs who are induced or contributorily infringed by Eurotarget. Therefore, Eurotarget's contention that the claim of indirect infringement must fail because the basis for Eurotarget's contention, i.e. that direct infringement has not been sufficiently alleged, must be denied. (*See* ¶¶53-64).

## V. CONCLUSION

For the foregoing reasons, Reagent respectfully requests the Court: deny Eurotarget's Motion to Dismiss the claims of direct infringement of method claim 29, 34, 37 and 39; deny Eurotarget's Motion to Dismiss the claims of induced infringement of method claims 29, 34, 37 and 39; and deny Eurotarget's Motion to Dismiss the claims of contributory infringement of claims 29, 34, 37 and 39.

Respectfully submitted,

Dated: May 2, 2016    **FOX ROTHSCHILD LLP**

By: */s/ J. Benjamin Nevius*

J. Benjamin Nevius
Ashley L. Beach
Identification Nos. 93094, 306942
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341-0673
Tel: (610) 458-7500
Fax: (610) 458-7337

---

Accordingly, Eurotarget has conceded that such elements have been adequately plead.

-14-

jnevius@foxrothschild.com
abeach@foxrothschild.com

**STROOCK & STROOCK & LAVAN LLP**
Matthew W. Siegal
Binni N. Shah
J. Colby Van Horn
Gary J. Yen
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6066

*Attorneys for Plaintiff,*
*Reagent Chemical & Research, Inc.*

NY 76174246

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REAGENT CHEMICAL & RESEARCH, INC.,<br><br>    Plaintiff,<br>v.<br>EUROTARGET S.R.L. and, EUROTARGET USA LLC,<br><br>    Defendants. | Civil Action No. 1:16-cv-00395-JEJ<br>**DEMAND FOR JURY TRIAL** |

### **CERTIFICATE OF SERVICE**

  I, Ashley L. Beach, Esquire, hereby certify that on May 2, 2016, I served a true and correct copy of the foregoing Opposition To Defendants' Motion to Partially Dismiss The First Amended Complaint For Failure to State a Claim Upon Which Relief Can Be Granted by electronic mail to counsel of record as follows:

Edward A. Pennington, Esquire
John P. Moy, Esquire
Sean T.C. Phelan, Esquire
Smith Gambrell & Russell LLP
1055 Thomas Jefferson Street NW
Suite 400
Washington, DC 20007
epennington@sgrlaw.com
jmoy@sgrlaw.com
sphelan@sgrlaw.com

*Attorneys for Defendants*

Devin J. Chwastyk, Esquire
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
dchwastyk@mwn.com

*Attorneys for Defendants*

       By: */s/ Ashley L. Beach*
          Ashley L. Beach

NY 76174246